IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID E. GUTIERREZ | : | NO. 13-630-1 |

ORDER

AND NOW, this 21st day of October, 2015, upon consideration of defendant David E. Gutierrez's pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines (docket entry #142), the Government's response in opposition thereto, and defendant's reply, received on October 16, 2015, and the Court finding that:

(a) On January 15, 2015, we sentenced defendant David E. Gutierrez to 96 months' imprisonment, followed by five years' supervised release, a $200.00 special assessment, and a $2,000.00 fine, see January 15, 2015 Judgment;

(b) At the time of Mr. Gutierrez's sentencing, the Sentencing Guidelines Manual in use was the November 1, 2014 version, which already reflected Amendment 782's changes to the Section 2D1.1 offense levels;

(c) As Mr. Gutierrez's sentence was imposed after the changes to the Sentencing Guidelines had already taken effect, there is no basis or need to retroactively apply the two-level reduction contemplated by Amendment 782;

(d) Mr. Gutierrez raises several specific concerns in his reply, which we now briefly address;

      (e)      Mr. Gutierrez is concerned about the legality of the Government's response because it lacks a file number, has no signature, and was filed by an Assistant U.S. Attorney different from the one who handled his case, see Def. Reply at 2;

      (f)      But the Government's response includes the criminal case number applicable to his case in the caption and was electronically signed by an Assistant U.S. Attorney, and there is no legal significance to the fact that a different Assistant U.S. Attorney than the one who prosecuted this case signed or filed the Government's response in this matter;

      (g)      Mr. Gutierrez is also concerned about the definition of "Opposition," see Def. Reply at 2, which has no bearing on this matter;

      (h)      Mr. Gutierrez is also concerned about the Government's Response's mischaracterization of the offense he pled guilty to and his offense level, see Def. Reply at 2;

      (i)      The Government's Response does incorrectly state that he pled guilty to attempting to possess one kilogram or more of heroin with intent to distribute, see Gov't Resp. at 1, when in fact Mr. Gutierrez pled guilty to attempting to possess 100 grams or more of heroin with intent to distribute, see January 15, 2015 Judgment;

      (j)      The Government's response also incorrectly states that we applied a base offense level of 30, see Gov't Resp. at 2, when the base offense level we applied was 29;

      (k)      But these errors in the Government's response do not undermine our independent determination that Mr. Gutierrez was sentenced under the November 1, 2014 version of the Sentencing Guidelines Manual and has no recourse under Amendment 782;

      (l)      Mr. Gutierrez is also concerned that his plea agreement contained no language regarding Amendment 782, and asks that we consider the factors in 18 U.S.C. § 3582(a) for any sentence reduction, see Def. Reply at 2-3;

(m) Mr. Gutierrez's guilty plea agreement contained no language regarding Amendment 782, but did include language that Mr. Gutierrez was pleading pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that he agreed that his specific sentence -- 96 months' imprisonment, five years' supervised release, a special assessment, a fine to be determined by the Court, and forfeiture -- was the appropriate disposition of his case, see October 6, 2014 Plea Document at 3;

(n) Moreover, Mr. Gutierrez's plea agreement did not need to include any language regarding Amendment 782, which does not apply to his case, as we previously discussed, because the reduction contemplated in that amendment were already included in the Sentencing Guidelines under which he was sentenced pursuant to his plea agreement; and

(o) We therefore find that Mr. Gutierrez is not entitled to any relief under Amendment 782.

It is hereby ORDERED that:

1. The Clerk of Court shall DOCKET Mr. Gutierrez's reply; and

2. Defendant's pro se motion to reduce his sentence pursuant to Amendment 782 (docket entry #142) is DENIED.

BY THE COURT:

/s/ Stewart Dalzell, J.